UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**KATHERINE L. SMITH,**

     **Plaintiff,**

vs.                                  CASE NO. 3:05-cv-1253-J-32HTS

**AMERICA ONLINE, INC., a foreign corporation; and CHRIS BRITTON, an individual,**

     **Defendants.**

_____/

**DEFENDANT CHRIS BRITTON'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Pursuant to Rules 7, 8, 12 and 81, Federal Rules of Civil Procedure, Defendant, Chris Britton ("Britton"), files this Answer and Affirmative Defenses to the allegations contained in Plaintiff's Complaint.

**Jurisdiction and Venue**

1.     BRITTON admits the allegations contained in Paragraph 1 of the Complaint, but denies that Plaintiff is entitled to any such relief.

2.     BRITTON admits the allegations contained in Paragraph 2 of the Complaint.

3.     BRITTON admits the allegations contained in Paragraph 3 of the Complaint.

4.     BRITTON admits the allegations contained in Paragraph 4 of the Complaint.

5.     BRITTON admits that it is subject to the jurisdiction of this Court, but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.     BRITTON admits that venue is proper in Duval County, Florida, but denies the remaining allegations contained in Paragraph 6 of the Complaint

7. BRITTON admits that Plaintiff previously filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), but denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. BRITTON is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore denies such allegations.

### General Allegations

9. BRITTON admits the allegations contained in Paragraph 9 of the Complaint.

10. BRITTON admits the allegations contained in Paragraph 10 of the Complaint.

11. BRITTON admits the allegations contained in Paragraph 11 of the Complaint.

12. BRITTON denies the allegations contained in Paragraph 12 of the Complaint.

13. BRITTON denies the allegations contained in Paragraph 13 of the Complaint.

14. BRITTON admits that Plaintiff made a complaint against Defendant Britton to a person in the Human Resources Department in AOL's Jacksonville call center, but denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. BRITTON denies the allegations contained in Paragraph 15 of the Complaint.

16. BRITTON admits that Plaintiff resigned her position on August 9, 2004, but denies the remaining allegations contained in Paragraph 16 of the Complaint.

### Count I
**(Sexual Harassment Discrimination Against Defendant AOL)**

17. Because the allegations contained in Count I, specifically Paragraphs 17 through 25 and the WHEREFORE clause, are not alleged against BRITTON, no answer is required.

### Count II
**(Battery Against Defendant Britton)**

26. BRITTON relies on his answers to Paragraphs 1 through 16 of the Complaint as his answer to Paragraph 26 of the Complaint.

27. BRITTON denies the allegations contained in Paragraph 27 of the Complaint.

28. BRITTON denies the allegations contained in Paragraph 28 of the Complaint.

29. BRITTON denies the allegations contained in Paragraph 29 of the Complaint.

BRITTON denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of Count II of the Complaint.

## Count III
### (Assault Against Defendant Britton)

30. The allegations contained in Count III, Paragraphs 30 through 33 and the WHEREFORE clause, are subject to a pending Motion to Dismiss filed by Britton pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Accordingly, no answer from BRITTON is required at this time.

## Count IV
### (Negligence Against Defendant AOL)

34. Because the allegations contained in Count IV, specifically Paragraphs 34 through 38 and the WHEREFORE clause, are not alleged against BRITTON, no answer is required.

## Count V
### (Retaliation Against Defendant AOL)

39. Because the allegations contained in Count V, specifically Paragraphs 39 through 42 and the WHEREFORE clause, are not alleged against BRITTON, no answer is required.

## Count VI
### (Constructive Discharge Against Defendant AOL)

43. Because the allegations contained in Count VI, specifically Paragraphs 43 through 46 and the WHEREFORE clause, are not alleged against BRITTON, no answer is required.

## Count VII
### (Intentional Infliction of Emotional Distress Against Defendants AOL and Britton)

47.     The allegations contained in Count VII, Paragraphs 47 through 51 and the WHEREFORE clause, are subject to a pending Motion to Dismiss filed by Britton pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  Accordingly, no answer from BRITTON is required at this time.  Additionally, to the extent the allegations are asserted against Defendant AOL, BRITTON is not required to file an answer in that regard.

BRITTON denies each and every allegation of the Complaint not specifically admitted to herein.

### Affirmative and Other Defenses

### Affirmative Defense A

Plaintiff fails to state a claim upon which relief can be granted.

### Affirmative Defense B

Any alleged "touching" was knowing and consensual on the part of Plaintiff.

### Affirmative Defense C

Plaintiff's claims for damages are limited by her failure to mitigate her damages.

### Affirmative Defense D

Any claim for damages are offset by any compensation or benefits earned or received subsequent to her resignation.

### Affirmative Defense E

Plaintiff fails to show that Britton intended to cause Plaintiff to fear immediate injury or intended to actual injure Plaintiff.

**Affirmative Defense F**

Any damages Plaintiff claims for injuries sustained must be offset by any benefits received or available under Florida's Worker's Compensation Act, Chapter 440, Florida Statutes.

**Affirmative Defense G**

Plaintiff is not entitled to any damages other than nominal damages because she has not suffered any actual damages as a result of any improper or unlawful conduct by Britton.

For the reasons set forth herein, Defendant, Chris Britton, respectfully requests that the Court dismiss Plaintiff's Complaint against him with prejudice and award Britton his reasonable costs and attorneys' fees in defense of this action.

Respectfully submitted this 13th day of January, 2006.

*/s/ Edward H. Trent*
Richard N. Margulies, Trial Counsel
Florida Bar No. 0607487
Edward H. Trent, Trial Counsel
Florida Bar No. 0957186
AKERMAN SENTERFITT
50 N. Laura Street, Suite 2500
Jacksonville, Florida 32202
Telephone: (904) 798-3700
Facsimile:  (904) 798-3730

ATTORNEYS FOR DEFENDANT,
CHRIS BRITTON

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 13th day of January, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, that will send a notice of electronic filing to Plaintiff's counsel, who participate in the CM/ECF system, as follows:

Robert F. Spohrer, Esq.
Galen D. Bauer, Esq.
Spohrer Wilner Maxwell & Matthews, P.A.
701 West Adams Street, Suite 2
Jacksonville, Florida  32204

Harold W. Mitchell, Esq.
Newman & Mitchell, P.A.
550 Water Street, Suite 1379
Jacksonville, FL  32202
*Attorneys for Plaintiff*

                                              */s/ Edward H. Trent*
                                              Attorney