UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KATHERINE L. SMITH,

       Plaintiff,

v.                                CASE NO. 3:05-cv-1253-J-32HTS

AMERICA ONLINE, INC., a foreign
corporation, and CHRIS BRITTON,
an individual,

       Defendants.

**O R D E R**

    This cause is before the Court on Plaintiff's Notice of Objection and Motion to Quash Defendant AOL's Non-Party Subpoena *Duces Tecum* Dated January 2, 2007 (Doc. #29; Motion), filed on January 3, 2007.

    The Motion seeks to have the subpoena at issue quashed because it "fails to allow [the non-party] a reasonable time for compliance[.]" Motion at 1. Citing *Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005), Plaintiff asserts she has standing to bring her challenge. Motion at 2.

    The weight of authority establishes a party does not ordinarily have standing to ask that a subpoena served upon a non-party be quashed "unless the party seeks to quash based on a personal right or privilege[.]" *Maxwell v. Health Center of Lake City, Inc.*, No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006); *see also, e.g., United States v. Wells*, No. 06-10589, 2006 WL 3203905, at *2 (E.D.

Mich. Nov. 3, 2006); *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (although subpoenas failed to allow reasonable time for compliance, party's motion to quash denied due to lack of standing). Plaintiff has failed to articulate, in relation to the subpoena she desires quashed, how her own rights or privileges would be impacted. On the contrary, the sole concern she expresses is that "AOL's demand allows only five business days for the [non-party] to comply." Motion at 2.

In light of the foregoing, the Motion (Doc. #29) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of January, 2007.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:
Counsel of record and
     *pro se* parties, if any